# NO. 12-17-00043-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *J. M. W., A JUVENILE* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

### *MEMORANDUM OPINION*
### *PER CURIAM*

Relator, J.M.W., has filed a postconviction petition for writ of habeas corpus seeking relief from a juvenile adjudication for aggravated robbery. We dismiss for want of jurisdiction.

## BACKGROUND

In 2001, J.M.W., a juvenile, was adjudicated delinquent for aggravated robbery, and sentenced to imprisonment for twenty-five years. He was sent to the Texas Youth Commission and later transferred to the Texas Department of Criminal Justice – Institutional Division, where he is currently incarcerated. J.M.W. has filed two petitions for writ of habeas corpus with the Texas Court of Criminal Appeals, both of which were dismissed, without written order, as a juvenile matter. *See **In re J.M.W.**,* No. WR-74,665-02 (Tex. Crim. App. Jan. 8, 2014); *see also* ***In re J.M.W.****,* No. WR–74, 665-01 (Tex. Crim. App. Oct. 27, 2010).

## ANALYSIS

A person confined pursuant to an adjudication and disposition in juvenile court may seek habeas corpus relief in the appropriate court. *See* TEX. FAM. CODE ANN. § 56.01(o) (West Supp. 2016). However, there are narrow circumstances under which this Court has original habeas jurisdiction. Specifically, this Court has original jurisdiction to issue a writ of habeas corpus only when it appears that a person is restrained in his liberty "by virtue of an order, process, or

commitment issued by a court or judge because of the violation of an order, judgment, or decree previously made, rendered, or entered by the court or judge in a civil case." *See* TEX. GOV'T CODE ANN. § 22.221(d) (West 2004).

We do, however, have jurisdiction to review, by direct appeal, a trial court's denial of a juvenile's postconviction petition for writ of habeas corpus. *See **In re D.A.B.**,* No. 12-14-00147-CV, 2014 WL 2609722, at \*1 (Tex. App.—Tyler June 11, 2014, no pet.) (mem. op.). In this case, J.M.W. did not file a notice of appeal. Nor does his habeas petition meet the requirements for a notice of appeal. *See* TEX. R. APP. P. 25.1. Even if we could construe the petition as a notice of appeal, we cannot determine from the documents provided that an appealable order, such as an order denying habeas relief, has been signed. *See* TEX. R. APP. P. 25.1(d)(2) (requiring that notice of appeal state date of judgment or order appealed from). Under these circumstances, we do not have jurisdiction to consider J.M.W.'s petition. *See **In re D.A.B.**,* 2014 WL 2609722, at \*1-2.

## DISPOSITION

Because this Court lacks original jurisdiction to issue a writ of habeas corpus under the facts presented here, and J.M.W.'s habeas petition cannot be construed as a notice of appeal, we *dismiss* J.M.W.'s petition for writ of habeas corpus. *See* TEX. GOV'T CODE ANN. § 22.221(d); *see also **In re D.A.B.**,* 2014 WL 2609722, at \*1-2.

Opinion delivered February 8, 2017.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

FEBRUARY 8, 2017

NO. 12-17-00043-CV


**J. M. W., A JUVENILE,**
Relator
V.

**THE STATE OF TEXAS,**
Respondent

### ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of habeas corpus filed by J.M.W., who is the defendant in Cause No. 003-0433-00, pending on the docket of the County Court at Law No. 3 of Smith County, Texas. Said petition for writ of habeas corpus having been filed herein on February 1, 2017, and the same having been duly considered, because it is the opinion of this Court that it lacks original jurisdiction to issue a writ of habeas corpus, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of habeas corpus be, and the same is, hereby **dismissed for want of jurisdiction**.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*